IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

BRIAN DAVID RAMSEY                                                                   PLAINTIFF

v.                                          CIVIL NO. 10-5197

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                       DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, Brian David Ramsey, appealed the Commissioner's denial of benefits to this Court. On February 7, 2012, judgment was entered remanding Plaintiff's case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 9). Plaintiff now moves for an award of $4,529.15 in attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting compensation for 28.00 attorney hours of work before the Court at an hourly rate of $152.00 for work performed in 2010, 2011, and 2012, 3.25 paralegal hours of work before the Court at an hourly rate of $75.00, and $29.40 in expenses. (Docs. 10). Defendant filed a response to Plaintiff's application, stating that he does not oppose an award to Plaintiff in the amount requested. (Doc. 12).

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the Court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. Jackson v. Bowen, 807 F.2d 127, 128 (8th Cir. 1986).

Under Shalala v. Schaefer, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party. After reviewing the file, the Court finds that Plaintiff is a prevailing party in this matter.

In determining a reasonable attorney's fee, the Court will in each case consider the following factors: time and labor required; the novelty and difficulty of questions involved; the skill required to handle the problems presented; the preclusion of employment by the attorney due to acceptance of the case; the customary fee; whether the fee is fixed or contingent; time limitations imposed by the client or the circumstances; the amount involved and the results obtained; the attorney's experience, reputation and ability; the "undesirability" of the case; the nature and length of the professional relationship with the client; and awards in similar cases. Hensley v. Eckerhart, 461 U.S. 424, 430 (1983).

However, the EAJA is not designed to reimburse without limit. Pierce v. Underwood, 487 U.S. 552, 573 (1988). The Court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. Clements v. Astrue, 2009 WL 4508480 (W.D. Ark. Dec. 1, 2009); see also Decker v. Sullivan, 976 F.2d 456, 459 (8th Cir. 1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time

records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." Id. Where documentation is inadequate, the Court may reduce the award accordingly. Hensley, 461 U.S. at 433 (1983).

Plaintiff's attorney requests an award under the EAJA at an hourly rate of $152.00 for 28.00 hours of work performed in 2010, 2011, and 2012, which she asserts was devoted to the representation of Plaintiff in this Court. The party seeking attorney fees bears the burden of proving that the claimed fees are reasonable. Id., 461 U.S. at 437. Attorney's fees may not be awarded in excess of $125.00 per hour-the maximum statutory rate under § 2412(d)(2)(A) - unless the Court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. §2412(d)(2)(A). The decision to increase the hourly rate is not automatic and remains at the discretion of the district court. McNulty v. Sullivan, 886 F.2d 1074 (8th Cir. 1989). In Johnson v. Sullivan, 919 F.2d 503 (8th Cir. 1990), the Court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than [the maximum statutory hourly rate]," such as a copy of the Consumer Price Index (CPI). Plaintiff's counsel submitted a CPI in support of her requested hourly rate. The Court will therefore award Plaintiff's counsel an hourly rate of $152.00.

Plaintiff's counsel has also requested 3.25 paralegal hours of work at the rate of $75.00 per hour. The Court finds $75.00 per hour for paralegal work to be reasonable.

We next address the number of hours Plaintiff's counsel claims she spent working on this case. Plaintiff's counsel seeks a total of 17.15 hours for reviewing the 813[1] page transcript, and

---

[1] The Court notes that Plaintiff's counsel reported that the transcript had a total of 807 pages.

preparing the brief. Although the Defendant did not object to the number of hours Plaintiff's counsel spent preparing the brief, the Court finds this number of hours to contain duplication or to otherwise be excessive. Plaintiff's counsel seeks payment for 5.30 hours spent reviewing the transcript, taking notes, and preparing a brief outline on February 11, 2011. Counsel then seeks payment for 5.75 hours on February 12, 2011, to "Chronologically order, tag and review medical records; Preparation of jurisdictional statement, statement of issues and fact statement." It is clear that the review of the medical records in the latter entry is duplicative to the time Plaintiff's counsel claimed in a previous entry for reviewing the transcript on February 11, 2011. Accordingly the Court will deduct 3.00 hours from the time sought in these two entries due to duplication. **Plaintiff's counsel is cautioned to avoid such duplicative entries in the future or to clarify in her itemization why such entries are not duplicative. The Defendant is encouraged to carefully review the itemization provided by Plaintiff's counsel in social security cases going forward.**

Plaintiff's counsel seeks 0.50 hour on September 16, 2010 (received and reviewed Administrative Law Judge Opinion and Appeals Council decision from administrative-level counsel with request that I file a Federal District Court case), from which the Court deducts 0.50 hour; 0.25 hour on September 16, 2010 (phone conference with administrative-level counsel discussing merits of case for Federal District Court), from which the Court deducts 0.25 hour; and 0.10 hour on September 17, 2010 (communication to administrative-level counsel of acceptance of case), from which the Court deducts 0.10 hour. This time is not compensable under the EAJA because it was performed at the administrative level. See Cornella v.

Schweiker, 728 F.2d 978, 988-89 (8th Cir. 1984). Accordingly, 0.85 hour submitted must be deducted from the total compensable time sought by counsel.

Plaintiff's counsel seeks 0.50 paralegal hour on November 15, 2010 (delivery of summonses to clerk for issuance with appropriate paperwork), from which the Court deducts 0.50 paralegal hour; and 1.00 paralegal hour on November 17, 2010 (Prepare and send summonses and service letters to US office of General Counsel, US Department of Justice, and US Attorney by certified mail return receipt requested delivery to postal service), from which the Court deducts 1.00 paralegal hour. This time cannot be compensated under the EAJA as it is found to be clerical work. See Missouri v. Jenkins by Agyei, 491 U.S. 274, 288 (1989)(Paralegal work is work that might otherwise be performed by a lawyer, such as factual investigation, including locating and interviewing witnesses; assistance with depositions, interrogatories, and document production; compilation of statistical and financial data; checking legal citations; and drafting correspondence. Purely clerical or secretarial tasks should not be billed at a paralegal rate); Miller v. Alamo, 983 F.2d 856, 862 (8th Cir. 1993)(Work done by paralegals is compensable if it is work that would have been done by an attorney, such as going to the library to locate cases and preparing materials used by an attorney at oral argument). Accordingly, the Court deducts 1.50 paralegal hours from the total number of compensable hours sought.

Plaintiff's counsel seeks reimbursement for $29.40 in expenses incurred with regard to postage. Such expenses are recoverable under the EAJA and we find $29.40 to be a reasonable award. See Kelly v. Bowen, 862 F.2d 1333, 1335 (8th Cir. 1988).

Based upon the foregoing, the Court recommends that Plaintiff be awarded attorney's fees under the EAJA for: 24.15 attorney hours (28.00-3.85) at a rate of $152.00 per hour for

work performed in 2010, 2011, and 2012, 1.75 (3.25-1.50) paralegal hour at a rate of $75.00 per hour, for a total attorney's fee award of $3,802.05, plus $29.40 in expenses. This amount should be paid in addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future. **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

The parties are reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the Plaintiff.

IT IS SO ORDERED this 16th day of August 2012.

/s/ *Erin L. Setser*
HONORABLE ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)